UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MITCHELL DAGNAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 7:18-cv-1349-CLS |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Claimant, Mitchell Dagnan, commenced this action on August 21, 2018, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant alleged disability beginning on August 15, 2007, and he last met the insured status requirements of the Social Security Act on December 31, 2011.[1] The ALJ found that claimant suffered from the severe impairment of chronic obstructive pulmonary disease, but that he nonetheless was capable of performing a limited range of medium work, with limitations including the need to avoid concentrated exposure to pulmonary irritants and poorly ventilated work areas.[2] Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards because the ALJ improperly evaluated the effects of claimant's shortness of breath on his ability to work.

To demonstrate that a subjective impairment, like shortness of breath, renders him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be

---

[1] Tr. 20.
[2] Tr. 22.

reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ properly applied those legal principles. She found that "claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."[3] The ALJ also adequately articulated the reasons for her finding. She pointed out that chest x-rays showed improvement in claimant's lung function between December 2008 and December 2009. Chest x-rays from July 2009 did not show any negative changes. Physical examinations from January and July 2009 revealed a clear chest, good bilateral breath sounds, no wheezes or rhonchi, only slightly diminished breath sounds, and no complaints of chest pain. Claimant continued to deny chest pain in May 2012, and a physical examination revealed no acute distress, normal heart rate,

---

[3] Tr. 23.

regular rhythm, and no abnormal heart sounds.[4] Those were permissible considerations, *see* 20 C.F.R. § 404.1529(c), and the ALJ's findings were supported by the record.

Claimant asserts that the ALJ should have also relied upon medical records from 2012 to 2017 that reflect continuing or worsening symptoms. But because claimant's date last insured was December 31, 2011, he bore the burden of proving disability on or before that date. *See* 42 U.S.C. § 423(a) and (c); 20 C.F.R. §§ 404.101, 404.130, and 404.131; *Ware v. Schweiker,* 651 F. 2d 408, 411 n.3 (5th Cir. July 1981).[5] The ALJ mentioned some of the later records, from mid-2012, because they might reasonably have some bearing on claimant's functional abilities prior to the end of 2011, but most of the later evidence is irrelevant because, if anything, it a reflects a worsening of claimant's condition after his eligibility for disability insurance benefits expired.

The ALJ also noted that claimant denied smoking cigarettes during the October 2009 examination, but he testified during the administrative hearing that he did not quit smoking until September 2015.[6] The ALJ was entitled to take those inconsistent statements into consideration.

---

[4] Tr. 22-23.

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[6] Tr. 23.

Finally, the ALJ considered that claimant did not require assistance for his personal care and hygiene, and that he could independently prepare meals, wash dishes, cut grass on a riding mower, pay bills, and count change.[7] While the ALJ is allowed to consider a claimant's daily activities in evaluating the consistency of the claimant's subjective complaints with the other evidence of record, *see* 20 C.F.R. § 404.1529(c)(3)(i), the Eleventh Circuit has disavowed the notion that "participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability." *Lewis v. Callahan,* 125 F.3d 1436, 1441 (11th Cir. 1997). Indeed, it would have been inappropriate for the ALJ to conclude that claimant was able to work based solely upon his limited daily activities, but that was not the ALJ's only consideration. She also, and more importantly, relied upon claimant's inconsistent statements about his smoking history and the objective medical evidence.

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner will be affirmed. A separate final judgment will be entered contemporaneously herewith.

DONE this 4th day of June, 2019.

_____
United States District Judge

---

[7] Tr. 22.